UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIBEL OVIEDO-LOPEZ,<br><br>                                       Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security Administration,<br><br>                                       Defendant. | Case No.: 23-CV-2029-SBC<br><br>**ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |

Plaintiff files for leave to proceed *in forma pauperis* on the Complaint ("IFP Motion" or "Motion"). (Doc. No. 2.) The Court reviews Plaintiff's Complaint under 28 U.S.C. section 1915(e), as required when a litigant files a motion to proceed *in forma pauperis*. The Court finds that the Complaint sufficiently states a claim for relief and that Plaintiff has sufficiently established her inability to pay the initial filing fee. Accordingly, the Court GRANTS the IFP motion.

### I.     PROCEEDING IN FORMA PAUPERIS

As noted, Plaintiff's instant Motion arises under 28 U.S.C. section 1915 ("Section 1915"). (Doc. No. 2.) As a general matter, a party instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed

despite a plaintiff's failure to prepay the entire fee only where the court grants plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. section 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To that end, all actions sought to be filed *in forma pauperis* pursuant to Section 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ. L.R. 3.2.a.

Here, Plaintiff's only source of income is $200.00 per month in food stamps. Plaintiff further represents that she has been employed for only one month during the past twelve months and earned $1,000.00 for her work during such time. Plaintiff adds that she has no money in her bank account and also has no assets, including, but not limited, an automobile, real estate, stocks, bonds, securities, trusts, jewelry, art work, or any other financial instrument or thing of value.  (Doc. No. 2. at 3.) Given these factual circumstances, the Court finds that Plaintiff has sufficiently shown an inability to pay the filing fee of $400.

## II.   SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. section 1915(e)(2), the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. setion 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [*in forma pauperis*] complaint that fails to state a claim.").

Notably, security appeals are not exempt from the section 1915(e) screening requirement. *Hoagland v. Astrue*, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis

complaints."). "A [social security] complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement." *Schwei v. Colvin*, 2015 WL 3630961, at *2 (D. Nev. June 9, 2015); *Hoagland*, 2012 WL 2521753, at *3 (commenting "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong."). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added).

Based on its review of the operative Complaint here, the Court finds Plaintiff has sufficiently satisfied the minimal pleading standards above by stating the fact-specific points of error she assigns to the Administrative Law Judge ("ALJ") who resolved her application for disability benefits under the Social Security Act ("Act"). (Doc. No. 1 ¶¶ 5-9.) Specifically, Plaintiff set forth the procedural history of the administrative proceedings underlying the Complaint and identified the purported deficiencies Plaintiff attributes to the ALJ's Notice of Decision. (*See id.*) In light of Plaintiff's pleading, the Court finds Plaintiff has adequately presented a statement of facts explaining why the Commissioner of Social Security allegedly erred in denying Plaintiff's disability benefits application under the Act. Coupled with its holding that Plaintiff has demonstrated her inability to pay the filing fee, the Court finds it appropriate that Plaintiff proceed *in forma pauperis* in this Action. Accordingly, the Court GRANTS Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. No. 2.)

**IT IS SO ORDERED.**

Dated: November 8, 2023

Hon. Steve B. Chu
United States Magistrate Judge